## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **DATA ENGINE TECHNOLOGIES LLC.** | § | |
| | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No.: 6:13-cv-00860** |
| **v.** | § | |
| | § | |
| **INTERNATIONAL BUSINESS MACHINES CORP.** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Data Engine Technologies LLC ("Data Engine") files this Original Complaint for patent infringement against Defendant International Business Machines Corp. ("IBM").

## PARTIES

1.      Plaintiff Data Engine Technologies LLC is a limited liability company existing under the laws of Texas with its principal place of business at 6136 Frisco Square Blvd., Suite 385, Frisco, Texas 75034.

2.      Defendant International Business Machines Corp. is a corporation existing under the laws of New York with its principal place of business located at 1 New Orchard Road, Armonk, New York, 10504.  It can be served through its agent for service: CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code.

4.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.       Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b). Upon information and belief, Defendant has transacted business in this district, has a regular and established place of business in this district, has committed and/or induced acts of patent infringement in this district, and resides in this district.

**FACTS**

6.       On June 12, 2001, the USPTO duly and legally issued United States Patent No. 6,247,020 ("the '020 patent"), entitled "Development System with Application Browser User Interface." Data Engine holds all right, title, and interest in and to the '020 patent.

7.       Upon information and belief, IBM makes, uses, sells, offers for sale, or imports into the State of Texas, in this judicial district, and elsewhere within the United States, software that infringes the '020 patent.

8.       On May 22, 2001, the USPTO duly and legally issued United States Patent No. 6,237,135 ("the '135 patent"), entitled "Development System with Visual Design Tools for Creating and Maintaining Java Beans Components." Data Engine holds all right, title, and interest in and to the '135 patent.

9.       Upon information and belief, IBM makes, uses, sells, offers for sale, or imports into the State of Texas, in this judicial district, and elsewhere within the United States, software that infringes the '135 patent.

10.      On February 1, 2005, the USPTO duly and legally issued United States Patent No. 6,851,107 ("the '107 patent"), entitled "Software Development Tool with Instant Updating and Simultaneous View of Graphical and a Textual Display of Source Code." Data Engine holds all right, title, and interest in and to the '107 patent.

11.      Upon information and belief, IBM makes, uses, sells, offers for sale, or imports into the State of Texas, in this judicial district, and elsewhere within the United States, software that infringes the '107 patent.

12.      On December 13, 2005, the USPTO duly and legally issued United States Patent No. 6,976,243 ("the '243 patent"), entitled "Method and System for Developing Source Code and Displaying Linked Elements Found Within the Source Code." Data Engine holds all right, title, and interest in and to the '243 patent.

13.      Upon information and belief, IBM makes, uses, sells, offers for sale, or imports into the State of Texas, in this judicial district, and elsewhere within the United States, software that infringes the '243 patent.

14.      On May 23, 2006, the USPTO duly and legally issued United States Patent No. 7,051,316 ("the '316 patent"), entitled "Distributed Computing Component System with Diagrammatic Graphical Representation of Code with Separate Delineated Display Area by Type." Data Engine holds all right, title, and interest in and to the '316 patent.

15.      Upon information and belief, IBM makes, uses, sells, offers for sale, or imports into the State of Texas, in this judicial district, and elsewhere within the United States, software that infringes the '316 patent.

16.      On December 12, 1995, the USPTO duly and legally issued United States Patent No. 5,475,843 ("the '843 patent"), entitled "System and Methods for Improved Program Testing." Data Engine holds all right, title, and interest in and to the '843 patent.

17.      Upon information and belief, IBM makes, uses, sells, offers for sale, or imports into the State of Texas, in this judicial district, and elsewhere within the United States, software that infringes the '843 patent.

## COUNT I: INFRINGEMENT OF THE '020 PATENT

18.     Data Engine incorporates the foregoing paragraphs as if fully set forth here.

19.     IBM had actual knowledge of the '020 patent no later than November 25, 2003. On November 25, 2003, the USPTO issued United States Patent No. 6,654,949 ("the '949 patent"). IBM was the original assignee of the '949 patent and received that assignment prior to or on November 25, 2003. The '020 patent is cited as a reference in the '949 patent. As a result, on or before November 25, 2003, IBM had actual notice of the '020 patent. In addition to the forgoing, no fewer than 26 other IBM patents or patent applications cite the '020 as a reference: United States Patent No. 6,668,354; United States Patent No. 6,842,878; United States Patent No. 7,058,924; United States Patent No. 7,069,547; United States Patent No. 7,194,475; United States Patent No. 7,302,400; United States Patent No. 7,366,678; United States Patent No. 7,440,902; United States Patent No. 7,472,350; United States Patent No. 7,490,292; United States Patent No. 7,496,385; United States Patent No. 7,533,026; United States Patent No. 7,562,022; United States Patent No. 7,617,118; United States Patent No. 7,631,276; United States Patent No. 7,707,546; United States Patent No. 7,739,122; United States Patent No. 7,788,122; United States Patent No. 7,895,050; United States Patent No. 7,895,537; United States Patent No. 7,904,304; United States Patent No. 7,941,321; United States Patent No. 7,996,773; United States Patent No. 8,031,845; United States Patent No. 8,418,149; and United States Patent Application No. 2011/0131523. IBM has been and is now directly infringing the claims of the '020 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Rational Developer for Power System Software, covered by one or more claims of the '020 patent, all to the injury of Data Engine.

20.     In addition and/or in the alternative, IBM has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '020 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Rational Developer for Power System Software, covered by one or more claims of the '020 patent, all to the injury of Data Engine.  In the case of such infringement, the users of the software are the direct infringers of the '020 patent.  IBM advertises and promotes the infringing software on its website.[1]  IBM provides, makes, uses, licenses, sells, and offers the infringing software for sale with the specific intent that its customers use those products in an infringing manner.[2]

21.     On information and belief, as a sophisticated user of the patent system and based on the fact that the '020 patent is cited as a reference in no fewer than 27 IBM patents or patent applications, IBM has performed analysis of the '020 patent.  On information and belief, as a sophisticated user of the patent system and due to its analysis of the '020 patent, IBM knew or was willfully blind to the fact that its making, using, licensing, selling, offering for sale, and/or importing its software constituted infringement, and that its instructions to customers for use of the infringing software would contribute to and induce their infringement.  As described above, IBM knew or was willfully blind to the fact that the infringing software, when used in combination with computer hardware, is both patented and infringing, as IBM had knowledge of the '020 patent.  On information and belief, the infringing software, when used in conjunction with computer hardware, has no substantial non-infringing use.

22.     IBM's acts of infringement have been willful, deliberate, and in reckless disregard of Data Engine's patent rights, and will continue unless permanently enjoined by this Court.

---

[1] https://www.ibm.com/developerworks/rational/products/rdp/
[2] http://pic.dhe.ibm.com/infocenter/iadthelp/v8r0/index.jsp

23.     Data Engine has been damaged by IBM's infringement of the claims of the '020 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless IBM is permanently enjoined from infringing the claims of the '020 patent.

## COUNT II: INFRINGEMENT OF THE '135 PATENT

24.     Data Engine incorporates the foregoing paragraphs as if fully set forth here.

25.     IBM had actual knowledge of the '135 patent no later than July 30, 2002. On July 30, 2002, the USPTO issued United States Patent No. 6,427,228 ("the '228 patent'). IBM was the original assignee of the '228 patent and received that assignment prior to or on July 30, 2002. The '135 patent is cited as a reference in the '228 patent. As a result, on or before July 30, 2002, IBM had actual notice of the '135 patent. In addition to the forgoing, no fewer than 24 other IBM patents cite the '135 as a reference: United States Patent No. 6,434,740; United States Patent No. 6,501,486; United States Patent No. 6,567,809; United States Patent No. 6,574,791; United States Patent No. 6,665,861; United States Patent No. 6,694,328; United States Patent No. 6,775,820; United States Patent No. 6,779,172; United States Patent No. 6,792,426; United States Patent No. 6,792,595; United States Patent No. 6,915,401; United States Patent No. 6,920,449; United States Patent No. 7,069,538; United States Patent No. 7,086,067; United States Patent No. 7,089,500; United States Patent No. 7,194,682; United States Patent No. 7,296,262; United States Patent No. 7,316,000; United States Patent No. 7,331,042; United States Patent No. 7,647,584; United States Patent No. 7,698,695; United States Patent No. 7,765,519; United States Patent No. 8,266,588, and United States Patent No. 8,381,166.

26.     IBM has been and is now directly infringing the claims of the '135 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the

software application Rational Application Developer for WebSphere Software, covered by one or more claims of the '135 patent, all to the injury of Data Engine. In addition and/or in the alternative, IBM has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '135 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Rational Application Developer for WebSphere Software, covered by one or more claims of the '135 patent, all to the injury of Data Engine.  In the case of such infringement, the users of the software are the direct infringers of the '135 patent.  IBM advertises and promotes the infringing software on its website. [3] IBM provides, makes, uses, licenses, sells, and offers the infringing software for sale with the specific intent that its customers use those products in an infringing manner.[4]

27.    On information and belief, as a sophisticated user of the patent system and based on the fact that the '135 patent is cited as a reference in no fewer than 25 IBM patents, IBM has performed analysis of the '135 patent.  On information and belief, as a sophisticated user of the patent system and due to its analysis of the '135 patent, IBM knew or was willfully blind to the fact that its making, using, licensing, selling, offering for sale, and/or importing its software constituted infringement, and that its instructions to customers for use of the infringing software would contribute to and induce their infringement.  As described above, IBM knew or was willfully blind to the fact that the infringing software, when used in combination with computer hardware, is both patented and infringing, as IBM had knowledge of the '135 patent.  On information and belief, the infringing software, when used in conjunction with computer hardware, has no substantial non-infringing use.

---

[3] http://www-03.ibm.com/software/products/us/en/application/
[4] http://pic.dhe.ibm.com/infocenter/iadthelp/v8r0/index.jsp

28.     IBM's acts of infringement have been willful, deliberate, and in reckless disregard of Data Engine's patent rights, and will continue unless permanently enjoined by this Court.

29.     Data Engine has been damaged by IBM's infringement of the claims of the '135 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless IBM is permanently enjoined from infringing the claims of the '135 patent.

## COUNT III: INFRINGEMENT OF THE '107 PATENT

30.     Data Engine incorporates the foregoing paragraphs as if fully set forth here.

31.     IBM had actual knowledge of the '107 patent no later than August 22, 2007.  On December 21, 2010, the USPTO issued United States Patent No. 7,856,621 ("the '621 patent"). IBM was the original assignee of the '621 patent and the USPTO recorded an assignment of the '621 patent to IBM on August 9, 2004. On August 22, 2007, the examiner identified the '107 patent in a notice of references. On or around August 22, 2007, IBM had actual notice of the '107 patent. In addition to the forgoing, no fewer than eight other IBM patents or patent applications cite the '107 as a reference: United States Patent No. 7,506,320; United States Patent No. 8,141,073; United States Patent No. 8,146,055; United States Patent No. 8,171,449; United States Patent No. 8,307,333; United States Patent No. 8,307,334; United States Patent No. 8,387,014; and United States Patent Application No. 2012/0005648.

32.     IBM has been and is now directly infringing the claims of the '107 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Rational Application Developer for WebSphere Software, covered by one or more claims of the '107 patent, all to the injury of Data Engine. In addition and/or in the alternative, IBM has been and is now indirectly infringing by way of inducing infringement

and/or contributing to the infringement of the claims of the '107 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Rational Application Developer for WebSphere Software, covered by one or more claims of the '107 patent, all to the injury of Data Engine.  In the case of such infringement, the users of the software are the direct infringers of the '107 patent. IBM advertises and promotes the infringing software on its website. [5] IBM provides, makes, uses, licenses, sells, and offers the infringing software for sale with the specific intent that its customers use those products in an infringing manner.[6]

33.     On information and belief, as a sophisticated user of the patent system and based on the fact that the '107 patent was cited in no fewer than nine IBM patents or patent applications, IBM has performed analysis of the '107 patent.  On information and belief, as a sophisticated user of the patent system and due to its analysis of the '107 patent, IBM knew or was willfully blind to the fact that its making, using, licensing, selling, offering for sale, and/or importing its software constituted infringement, and that its instructions to customers for use of the infringing software would contribute to and induce their infringement.  As described above, IBM knew or was willfully blind to the fact that the infringing software, when used in combination with computer hardware, is both patented and infringing, as IBM had knowledge of the '107 patent.  On information and belief, the infringing software, when used in conjunction with computer hardware, has no substantial non-infringing use.

34.     IBM's acts of infringement have been willful, deliberate, and in reckless disregard of Data Engine's patent rights, and will continue unless permanently enjoined by this Court.

---

[5] http://www-03.ibm.com/software/products/us/en/application/
[6] http://pic.dhe.ibm.com/infocenter/iadthelp/v8r0/index.jsp

35.    Data Engine has been damaged by IBM's infringement of the claims of the '107 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless IBM is permanently enjoined from infringing the claims of the '107 patent.

## COUNT IV: INFRINGEMENT OF THE '243 PATENT

1.   Data Engine incorporates the foregoing paragraphs as if fully set forth here.

2.    IBM has been and is now directly infringing the claims of the '243 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Rational Software Architect, covered by one or more claims of the '243 patent, all to the injury of Data Engine.

3.    In addition and/or in the alternative, IBM has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '243 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Rational Software Architect, covered by one or more claims of the '243 patent, all to the injury of Data Engine.  In the case of such infringement, the users of the software are the direct infringers of the '243 patent. IBM has knowledge of the '243 patent at least as early as the service of this Complaint. IBM advertises and promotes the infringing software on its website.[7] IBM provides, makes, uses, licenses, sells, and offers the infringing software for sale with the specific intent that its customers use those products in an infringing manner.[8]

---

[7] http://www-03.ibm.com/software/products/us/en/ratisoftarch/
[8] http://pic.dhe.ibm.com/infocenter/iadthelp/v8r0/index.jsp

4.      On information and belief, as a sophisticated user of the patent system and at least as early as the service of this Complaint, IBM knows or is willfully blind to the fact that its making, using, licensing, selling, offering for sale, and/or importing its software constitutes infringement, and that its instructions to customers for use of the infringing software contribute to and induce their infringement.  As described above, IBM knows or is willfully blind to the fact that the infringing software, when used in combination with computer hardware, is both patented and infringing, as IBM has knowledge of the '243 patent.  On information and belief, the infringing software, when used in conjunction with computer hardware, has no substantial non-infringing use.

5.      Data Engine reserves the right to take discovery regarding IBM's pre-suit knowledge of the '243 patent.  At a minimum, any continuing infringement of the '243 by IBM's during the pendency of this suit is willful, including because IBM will have knowledge of the '243 at least as early as service of this Complaint and because the infringement is clear.

6.      Data Engine has been damaged by IBM's infringement of the claims of the '243 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless IBM is permanently enjoined from infringing the claims of the '243 patent.

## COUNT V: INFRINGEMENT OF THE '316 PATENT

7.      Data Engine incorporates the foregoing paragraphs as if fully set forth here.

8.      IBM had actual knowledge of the '316 patent no later than August 8, 2007.  On September 3, 2003, 2009, the USPTO issued United States Patent No. 7,873,602 ("the '602 patent').  IBM was the original assignee of the '602 patent and the USPTO recorded an assignment of the '602 patent to IBM on September 3, 2003. On August 8, 2007, the examiner identified the '316 patent in a notice of references. On or around August 8, 2007, IBM had actual

notice of the '316 patent. In addition to the forgoing, no fewer than eight other IBM patents cite the '316 as a reference: United States Patent No. 7,480,894; United States Patent No. 7,506,266; United States Patent No. 7,631,293; United States Patent No. 7,840,933; United States Patent No. 7,962,454; United States Patent No. 8,032,858; United States Patent No. 8,190,577; and United States Patent No. 8,225,307.

9.      IBM has been and is now directly infringing the claims of the '316 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Rational Application Developer for WebSphere Software, covered by one or more claims of the '316 patent, all to the injury of Data Engine. In addition and/or in the alternative, IBM has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '316 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Rational Application Developer for WebSphere Software, covered by one or more claims of the '316 patent, all to the injury of Data Engine. In the case of such infringement, the users of the software are the direct infringers of the '316 patent. IBM advertises and promotes the infringing software on its website.[9] IBM provides, makes, uses, licenses, sells, and offers the infringing software for sale with the specific intent that its customers use those products in an infringing manner.[10]

10.     On information and belief, as a sophisticated user of the patent system and based on the fact that the '316 patent was cited in no fewer than nine IBM patents, IBM has performed analysis of the '316 patent. On information and belief, as a sophisticated user of the patent

---

[9] http://www-03.ibm.com/software/products/us/en/application/
[10] http://pic.dhe.ibm.com/infocenter/iadthelp/v8r0/index.jsp

system and due to its analysis of the '316 patent, IBM knew or was willfully blind to the fact that

its making, using, licensing, selling, offering for sale, and/or importing its software constituted

infringement, and that its instructions to customers for use of the infringing software would

contribute to and induce their infringement.   As described above, IBM knew or was willfully

blind to the fact that the infringing software, when used in combination with computer hardware,

is both patented and infringing, as IBM had knowledge of the '316 patent.   On information and

belief, the infringing software, when used in conjunction with computer hardware, has no

substantial non-infringing use.

11.     IBM's acts of infringement have been willful, deliberate, and in reckless disregard

of Data Engine's patent rights, and will continue unless permanently enjoined by this Court.

12.     Data Engine has been damaged by IBM's infringement of the claims of the '316

patent in an amount to be determined at trial, and has suffered and will continue to suffer

irreparable loss and injury unless IBM is permanently enjoined from infringing the claims of the

'316 patent.

## COUNT VI: INFRINGEMENT OF THE '843 PATENT

13.     Data Engine incorporates the foregoing paragraphs as if fully set forth here.

14.     IBM had actual knowledge of the '843 patent no later than October 29, 1996.   On

October 29, 1996, the USPTO issued United States Patent No. 5,570,281 ("the '281 patent').

IBM was the original assignee of the '281 patent and received that assignment prior to or on

October 29, 1996. The '843 patent is cited as a reference in the '281 patent. As a result, on or

before October 29, 1996, IBM had actual notice of the '843 patent. In addition to the forgoing,

no fewer than 23 other IBM patents cite the '843 as a reference: United States Patent No.

5,590,330; United States Patent No. 5,877,757; United States Patent No. 5,090,215; United

States Patent No. 6,026,237; United States Patent No. 6,038,596; United States Patent No.

6,058,414; United States Patent No. 6,177,941; United States Patent No. 6,192,512; United States Patent No. 6,446,120; United States Patent No. 6,665,734; United States Patent No. 6,668,370; United States Patent No. 6,766,475; United States Patent No. 6,973,643; United States Patent No. 7,047,446; United States Patent No. 7,117,484; United States Patent No. 7,392,506; United States Patent No. 7,752,501; United States Patent No. 7,783,927; United States Patent No. 7,840,948; United States Patent No. 7,895,576; United States Patent No. 7,917,897; United States Patent No. 8,006,231; and United States Patent No. 8,171,460.

15.     IBM has been and is now directly infringing the claims of the '843 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Rational Function Tester, covered by one or more claims of the '843 patent, all to the injury of Data Engine. In addition and/or in the alternative, IBM has been and is now indirectly infringing by way of inducing infringement and/or contributing to the infringement of the claims of the '843 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing software, including the software application Rational Function Tester, covered by one or more claims of the '843 patent, all to the injury of Data Engine.  In the case of such infringement, the users of the software are the direct infringers of the '843 patent. IBM advertises and promotes the infringing software on its website. [11] IBM provides, makes, uses, licenses, sells, and offers the infringing software for sale with the specific intent that its customers use those products in an infringing manner.[12]

16.     On information and belief, as a sophisticated user of the patent system and based on the fact that the '843 patent is cited as a reference in no fewer than 24 IBM patents, IBM has

---

[11]http://www-03.ibm.com/software/products/us/en/smartcloudcontroldesk/
[12]http://publib.boulder.ibm.com/infocenter/rfthelp/v7r0m0/index.jsp?topic=/com.ibm.rational.test.ft.doc/topics/FTJava_Tutorials.html

performed analysis of the '843 patent.  On information and belief, as a sophisticated user of the patent system and due to its analysis of the '843 patent, IBM knew or was willfully blind to the fact that its making, using, licensing, selling, offering for sale, and/or importing its software constituted infringement, and that its instructions to customers for use of the infringing software would contribute to and induce their infringement.  As described above, IBM knew or was willfully blind to the fact that the infringing software, when used in combination with computer hardware, is both patented and infringing, as IBM had knowledge of the '843 patent.  On information and belief, the infringing software, when used in conjunction with computer hardware, has no substantial non-infringing use. IBM's acts of infringement have been willful, deliberate, and in reckless disregard of Data Engine's patent rights, and will continue unless permanently enjoined by this Court.

17.    Data Engine has been damaged by IBM's infringement of the claims of the '843 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless IBM is permanently enjoined from infringing the claims of the '843 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Data Engine Technologies LLC prays for the following relief against Defendant International Business Machines Corp.

A.    A judgment in favor of Data Engine that IBM has infringed, directly and/or indirectly by way of inducing infringement and/or contributing to the infringement of the claims of Data Engine's '243, '020, '135, '107, '316, and '843 patents;

B.    A permanent injunction, enjoining IBM along with its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing,

inducing the infringement of, or contributing to the infringement of the claims of Data Engine's '243, '020, '135, '107, '316, and '843 patents;

C.      A judgment and order requiring IBM to pay Data Engine damage for IBM's infringement of  the claims of Data Engine's '243, '020, '135, '107, '316, and '843 patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

D.      A judgment and order finding IBM's infringement is and/or has been willful and awarding treble the amount of damages and losses sustained by Data Engine as a result of IBM's infringement under 35 U.S.C. § 284;

I.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Data Engine its reasonable attorneys' fees; and

J.      Such other and further relief in law or in equity to which Data Engine may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues triable of right before a jury.

Dated: November 4, 2013                Respectfully submitted,

                                       AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.

                                       /s/ Amir H. Alavi
                                       Amir Alavi
                                       Texas Bar No. 00793239
                                       aalavi@azalaw.com
                                       Demetrios Anaipakos
                                       Texas Bar No. 00793258
                                       danaipakos@azalaw.com
                                       Steven J. Mitby
                                       Texas Bar No. 24037123
                                       smitby@azalaw.com
                                       Brian E. Simmons
                                       Texas Bar No. 24004922
                                       bsimmons@azalaw.com
                                       Alisa A. Lipski
                                       Texas Bar No. 24041345
                                       alipski@azalaw.com
                                       1221 McKinney Street, Suite 3460
                                       Houston, Texas 77010
                                       Telephone: 713-655-1101
                                       Facsimile: 713-655-0062

                                       T. John Ward, Jr.
                                       Texas Bar No. 00794818
                                       jw@wsfirm.com
                                       Wesley Hill
                                       Texas Bar No. 24032294
                                       wh@wsfirm.com
                                       WARD & SMITH LAW FIRM
                                       1127 Judson Road
                                       Suite 220
                                       Longview, TX  75601
                                       Telephone: (903) 757-6400
                                       Facsimile:  (903) 757-2323

                                       ATTORNEYS FOR PLAINTIFF